ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EMILIO R. FAGUNDO ÁLVAREZ<br><br>Parte Apelada<br><br>v.<br><br>EMILIO L FAGUNDO BOOTHBY, FAGUNDO IRIZARRY, SOC. LEGAL DE GANANCIALES, SANDRA I. IRIZARRY MARICHAL<br><br>Parte Apelante | TA2025CE00480 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso Núm.: GB2024CV00566<br><br>Sala: 201<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero - Ordinario, daños |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de octubre de 2025.

Compareció ante este Tribunal la parte peticionaria, el Sr. Emilio L. Fagundo Boothby (en adelante, el "señor Fagundo Boothby"), la Sr. Sandra I. Irizarry Marichal Berrocal (en adelante, la "señora Marichal Berrocal") y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante y en conjunto "los Peticionarios"), mediante recurso de *certiorari* presentado el 19 de septiembre de 2025. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (en adelante, el "TPI"), el 1 de agosto de 2025, notificada y archivada en autos el 4 de agosto de 2025. Dicho dictamen fue objeto de una "**Moción de Reconsideración**", la cual fue declarada "No Ha Lugar" el 20 de agosto de 2025.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* ante nuestra consideración y *revocamos* la *Resolución* recurrida.

**I.**

El caso de epígrafe tuvo su génesis el 25 de junio de 2024, con la presentación de una "**Demanda**" por parte del Sr. Emilio Fagundo Álvarez (en adelante, el "señor Fagundo Álvarez" o "Recurrido") en contra de los Peticionarios sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios. A través de dicho escrito, alegó que, mediante contrato verbal, acordó con los Peticionarios el arrendamiento sobre cierta propiedad ubicada en la Calle Patio Hill, #M-4, Urbanización Torrimar en el Municipio de Guaynabo. Expresó que, como parte del mencionado acuerdo, los Peticionarios se obligaron a pagar la mensualidad de la hipoteca que gravaba la aludida propiedad inmueble, de manera directa al acreedor hipotecario, a saber: *Select Porfolio Servicing, Inc* (en adelante, "Select Portfolio")*.*

Asimismo, señaló que luego del acuerdo verbal, el 3 de mayo de 2019, formalizó con los Peticionarios un contrato escrito intitulado "Acuerdo Transaccional Confidencial", a través del cual los Peticionarios se comprometieron a cubrir, en concepto de renta, los pagos mensuales vencidos y pendientes hasta esa fecha. Indicó que también pactaron el desalojo voluntario de la propiedad dentro del plazo estipulado en el contrato y que, en caso de incumplimiento, deberían pagar una penalidad de $300.00 diarios. Relató que, el 25 de agosto de 2019, los Peticionarios emitieron un cheque por la suma $20,041.86 a favor de *Select Portfolio*, pero dicha entidad se rehusó a aceptarlo al exigir que el pago se realizara mediante cheque certificado.

Arguyó que, en atención a lo previamente expuesto, le exigió a los Peticionarios el cumplimiento con el pago pactado a fin de saldar los atrasos generados por su incumplimiento; no obstante, dicho requerimiento resultó infructuoso. Esgrimió, además, que a raíz de ello el acreedor hipotecario comenzó a realizar las gestiones para ejecutar la hipoteca, lo que lo obligó a saldar la deuda mediante el pago de $23,585.26. En vista de lo anterior, le peticionó al Tribunal que declarara "Ha Lugar" la "**Demanda**". El 27 de junio de 2024, se expidieron los correspondientes emplazamientos.

Así las cosas, el 30 de octubre de 2024, el señor Fagundo Álvarez presentó una "**Moción en Solicitud de Anotación de Rebeldía**" señalando que los Peticionarios fueron emplazados el 27 de agosto de 2024 y que, el 26 de septiembre de 2024, solicitaron una prórroga de treinta (30) días adicionales para radicar una moción dispositiva o alegación responsiva, la cual les fue concedida. Expuso que dicho término venció sin que los Peticionarios presentaran contestación a la "**Demanda**" ni alegación alguna dentro del plazo otorgado por el Tribunal. En consecuencia, solicitó al TPI que les anotara la rebeldía, que se tuvieran por admitidas las alegaciones contenidas en su reclamación y que se dictara cualquier pronunciamiento procedente en derecho.

Ese mismo día, los Peticionarios presentaron una "**Solicitud de Desestimación**" mediante la cual argumentaron que la "**Demanda**" interpuesta en su contra adolecía de un grave defecto, toda vez que se omitió incluir a una parte que resultaba indispensable a la causa de acción. Especificó que el Recurrido mantenía una Sociedad Legal de Gananciales con la Sra. Bonnie Boothby Berrocal, la cual no había sido liquidada. Agregó que, a pesar de que éstos llegaron a unos acuerdos en el pleito de división de bienes, con compromisos de prestaciones recíprocas, el señor Fagundo Álvarez incumplió con las obligaciones que asumió, por lo que la comunidad persistía. En armonía con lo anterior, le peticionó al TPI que desestimara la reclamación instada en su contra. Al día siguiente, el foro de instancia declaró "No Ha Lugar" la "**Moción en Solicitud de Anotación de Rebeldía**".

Más adelante, el 2 de diciembre de 2024, el señor Fagundo Álvarez presentó una "**Moción en Oposición a Solicitud de Desestimación**" en la que sostuvo que los Peticionarios indujeron a error al Tribunal al alegar que el señor Fagundo Álvarez y la señora Boothby Berrocal mantienen un régimen de sociedad legal de gananciales. Aclaró que se divorció de la señora Boothby Berrocal mediante *Sentencia* el 19 de octubre de 2018, bajo el caso núm. K DI2018-0849, por lo que no se encontraban casados para la fecha de los hechos que motivaron la "**Demanda**", a saber, mayo de 2019. Resaltó que la señora Boothby Berrocal presentó una "**Demanda**" sobre

liquidación de la sociedad legal de gananciales, la cual culminó en una *Sentencia* emitida el 10 de febrero de 2023 mediante la cual se acogieron los acuerdos que surgían de cierta "**Estipulación**" otorgada el 9 de febrero de 2023. Señaló que, posterior a ello, el 1 de noviembre de 2023 se presentó una "**Estipulación Enmendada**" y se emitió *Resolución* el 23 de enero de 2024. El 18 de diciembre de 2024, el TPI declaró "No Ha Lugar" la "**Solicitud de Desestimación**" presentada por los Peticionarios.

Así las cosas, el 27 de enero de 2025, los Peticionarios presentaron una "**Solicitud de Aclaración y Solicitud de Breve Prórroga**" mediante la cual solicitaron una prórroga de tres (3) días para presentar alegación responsiva. El 29 de enero de 2025, el foro de instancia concedió a los Peticionarios un plazo final de cinco (5) días para presentar su contestación a la "**Demanda**".

Posteriormente, el 5 de febrero de 2025, el señor Fagundo Álvarez presentó una segunda **"Moción en Solicitud de Anotación de Rebeldía"**, indicando que el 29 de enero de 2025 el TPI otorgó a los Peticionarios un plazo de cinco (5) días para presentar su contestación a la "**Demanda**" y que, hasta esa fecha, no habían cumplido, por lo que pidió nuevamente que se les anotara la rebeldía. Ese mismo día, los Peticionarios radicaron su "**Contestación a Demanda**", en la que negaron la mayoría de las alegaciones en su contra y alegaron que nunca se les notificó que el cheque debía ser certificado. Al día siguiente, el TPI declaró "**No Ha Lugar**" la segunda **"Moción en Solicitud de Anotación de Rebeldía"** presentada por el Recurrido.

Luego de varios trámites procesales, el 13 de mayo de 2025, el Recurrido presentó una "**Moción en Solicitud de Remedio**" informando al Tribunal sobre un presunto incumplimiento por parte de los Peticionarios en contestar un *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* que les fue cursado el 25 de marzo de 2025 y solicitó se les ordenara presentar sus contestaciones al aludido descubrimiento de prueba. El 14 de mayo de 2025, el foro de instancia emitió una *Orden* concediéndole diez (10) días a los Peticionarios para

expresar su posición. El 6 de junio de 2025, el señor Fagundo Álvarez radicó una "**Moción Informativa y en Solicitud de Remedio**" mediante la cual señaló que habían transcurrido casi treinta (30) días desde que el foro de instancia le concedió a los Peticionarios un término para fijar su posición en torno a la solicitud de orden. Destacó, además, que el *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* fue notificado el 25 de marzo de 2025, sin que hasta la fecha se hubiera recibido contestación alguna. Por tal motivo, le solicitó al Tribunal que les impusiera un término fatal de diez (10) días para cumplir, bajo apercibimiento de imposición de sanciones y desacato. El 9 de junio de 2025, el TPI dictó una *Orden* concediéndoles a los Peticionarios ese plazo adicional de diez (10) días para cumplir con el descubrimiento de prueba.

Así las cosas, el 30 de junio de 2025, el Recurrido presentó una "**Moción Informativa y en Solicitud de Remedio**", señalando que los Peticionarios no habían cumplido con presentar sus contestaciones según lo ordenado por el Tribunal, lo que había provocado dilaciones en el proceso. En consecuencia, solicitó que el TPI los declarara incurso en desacato. El 14 de julio de 2025, la representación legal de los Peticionarios presentó una "**Moción Solicitando Prórroga**" mediante la cual requirió un término adicional de treinta (30) días para continuar con los trámites del caso. Indicó que las partes, quienes son padre e hijo, han sostenido conversaciones dirigidas a lograr un acuerdo que pusiera fin a las disputas y controversias legales entre ellos. Añadió que la prórroga se solicitaba con el propósito de permitirles explorar una posible solución sin la presión de plazos judiciales inmediatos y evitando incurrir en gastos procesales adicionales.

El 15 de julio de 2025, el TPI dictó una *Orden* mediante la cual le concedió a los Peticionarios un término final de dos (2) días para cumplir, bajo apercibimiento de anotación de rebeldía. El 31 de julio de 2025, el señor Fagundo Álvarez presentó una "**Moción Informativa y en Solicitud de Anotación de Rebeldía**" a través de la cual requirió por tercera ocasión que

se le anotara la rebeldía a los Peticionarios. Además, peticionó que se les impusiera el pago de honorarios de abogado por la cantidad de $500.00.

Ese mismo día, la representación legal de los Peticionarios presentó una "**Oposición a Solicitud de Rebeldía y Solicitud de Prórroga**". Mediante la misma, expuso que entre las partes existen otros litigios, incluyendo el caso Núm. SJ2021CV04032, cuyas alegaciones son idénticas a las reclamaciones del presente litigio. Señaló que el juicio en su fondo de ese caso fue pautado para el 26 de agosto de 2025 y que actualmente las partes se encontraban en conversaciones sobre los términos de un acuerdo transaccional final. Argumentó, además, que los Peticionarios se encontraban fuera de la jurisdicción de Estados Unidos, lo que les impedía suscribir las contestaciones juramentadas. Por ello, le solicitó al Tribunal una prórroga hasta el 8 de agosto de 2025 para coordinar la firma de éstas ante notario.

El 31 de julio de 2025, el Recurrido presentó una "**Moción Informativa**" en la que clarificó que, a la fecha, no había recibido ninguna comunicación por parte del representante legal de los Peticionarios para llegar a algún acuerdo extrajudicial. Así pues, solicitó nuevamente que se le anotara la rebeldía a los Peticionarios. El 1 de agosto de 2025, los Peticionarios presentaron "**Moción Sometiendo Anejos**" a través de la cual presentaron dos escritos, a saber: (1) la "**Demanda**" del caso Núm. SJ2021CV04032 y (2) la "**Contestación a Interrogatorio**" presentada al Recurrido en dicho caso.

Finalmente, el 1 de agosto de 2025, el TPI emitió una *Resolución* en la que le anotó la Rebeldía a los Peticionarios por incumplimiento con las *Órdenes* emitidas por dicho foro. Insatisfecho con lo anterior, los Peticionarios presentaron una "**Moción de Reconsideración**", la cual fue declarada "No Ha Lugar" el 20 de agosto de 2025.

Inconforme con lo anterior, el Peticionario presentó el recurso que nos ocupa mediante el cual le imputó al TPI la comisión del siguiente error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ANOTAR LA REBELDÍA A LA PARTE DEMANDADA – RECURRENTE, SIN HABERLE NOTIFICADO NINGÚN APERCIBIMIENTO DIRECTAMENTE A LA PARTE, NI**

**HABER IMPUESTO PRIMERO UNA SANCIÓN ECONÓMICA O DE OTRA ÍNDOLE QUE RESULTARA MENOS ONEROSA, PREVIO A LA ELIMINACIÓN DE LAS ALEGACIONES; TODO SIN TOMAR EN CONSIDERACION LA IDENTIDAD DE LAS ALEGACIONES DE LA DEMANDA ANTERIOR Y LA SIMILITUD DEL INTERROGATORIO QUE YA HABIA SIDO CONTESTADO POR LA AQUÍ COMPARECIENTE ANTERIORMENTE, QUE HACÍA QUE EL DEMANDANTE – RECURRIDO YA CONTARA CON TODA LA INFORMACION SOLICITADA EN EL INTERROGATORIO EN CONTROVERSIA.**

El 2 de octubre de 2025, el señor Fagundo Álvarez presentó su "**Alegato en Oposición a Recurso de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, establece que el tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte, de conformidad con la Regla 34.3 (b)(3) de dicho cuerpo reglamentario. Íd. "Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b)." Íd. En detalle, la Regla 34.3 (b)(3) de Procedimiento Civil dispone lo siguiente:

> (b) Otras consecuencias. **Si una parte** o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, **deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba,** incluyendo una orden bajo las Reglas 32 y 34.2, **el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:**
>
> […]
>
> (3) Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, **o para dictar una sentencia en rebeldía contra la parte que incumpla**. 32 LPRA Ap. V, R. 34.3 (b) (3) (énfasis suplido).

Asimismo, existen otras disposiciones en las Reglas de Procedimiento Civil que permiten a los tribunales eliminar alegaciones debido al incumplimiento de las partes con sus órdenes o providencias.

Específicamente, la Regla 39.2 (a) y (b) de Procedimiento Civil establecen lo siguiente:

(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá decretar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

(b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla. El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos. 32 LPRA Ap. V, R.39. 2 (a) y (b).

Ahora bien, nuestro Tribunal Supremo ha determinado que, previo a la desestimación de la demanda o la eliminación de las alegaciones, **se debe notificar y apercibir directamente al abogado de la parte que ha incumplido con una orden del tribunal para darle la oportunidad de corregir el incumplimiento**. HRS Erase v. CMT, 205 DPR 689, 707-708 (2020). De este no responder o cumplir con el primer aviso del tribunal, las reglas autorizan la imposición de sanciones al representante legal de la parte y, de persistir el incumplimiento, se deberá apercibir a la parte de los incumplimientos de su representación legal y de las consecuencias de dichos incumplimientos. Íd., pág. 709. **Dicho de otro modo, las sanciones**

**drásticas de la desestimación o la eliminación de las alegaciones no proceden "hasta tanto se le aperciba directamente a la parte sobre los incumplimientos de su representación legal y de sus consecuencias**" HRS Erase v. CMT, *supra*, pág. 701 (énfasis suplido). Lo anterior, responde a la política pública de nuestro ordenamiento jurídico a favorecer que los casos se ventilen en sus méritos. Íd. Así pues, la notificación a la parte se constituye como:

> [U]n componente medular de la administración de la justicia, pues "brinda a las partes la oportunidad de advenir en conocimiento real de la determinación tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios que le han sido concedidos por ley". Íd. (citando a Asoc. Vec. Altamesa Este v. Mun. San Juan, 140 DPR 24, 34 (1996)).

Siendo así, el Tribunal Supremo ha expresado que los tribunales tienen discreción para desestimar pleitos o eliminar alegaciones al amparo de las Reglas de Procedimiento Civil, no obstante, dicha determinación debe ser una juiciosa y apropiada. Mejías Montalvo *et al*. v. Carrasquillo *et al*., 185 DPR 288, 298 (2012). Ello es así ya que la desestimación del pleito como sanción final "debe prevalecer únicamente en situaciones extremas […] y *después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento*". Mun. de Arecibo v. Almac. Yakima, 154 DPR 217, 222 (2001) (énfasis en el original). **De la parte no corregir la situación conociendo las consecuencias de ello, entonces el tribunal podrá ordenar la desestimación o eliminación de alegaciones, según entienda procedente**.

Respecto a la eliminación de las alegaciones y su relación con la rebeldía, nuestro máximo foro judicial ha determinado que ambas figuras constituyen el castigo más severo para la parte que declina obedecer una orden para descubrir prueba. Mitsubishi Motor v. Lunor y otros, 212 DPR 807, 827 (2023). De manera que debe entenderse que el requisito de notificación directa también aplica cuando se decreta la anotación de rebeldía. Aunque la aludida norma hace referencia expresa a la desestimación o eliminación

de alegaciones, la rebeldía acarrea consecuencias procesales de similar gravedad, pues implica dar por admitidas las reclamaciones en su contra y restringe la posibilidad de defenderse en los méritos. En este sentido, la notificación a la parte se convierte en una salvaguarda esencial para adelantar nuestra política pública de que las controversias se adjudiquen en sus méritos. Según nos ilustró nuestro máximo foro judicial, ante un incumplimiento con una orden del Tribunal, corresponde lo siguiente:

> **Primero, el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y notificará directamente a la parte sobre el asunto. Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta días.** … Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponda. Mitsubishi Motor v. Lunor y otros, *supra*, pág. 820 (énfasis suplido); véase, además, HRS Erase v. CMT, *supra*, págs. 701-702.

**III.**

En el presente caso, los Peticionarios nos solicitaron la revocación de la *Resolución* del TPI en la que se les anotó la rebeldía.

Como único señalamiento de error esgrimido, la representación legal de los Recurridos argumenta que el TPI erró al anotarles la rebeldía sin haberles notificado ningún apercibimiento directamente a la parte, ni haber impuesto primero una sanción económica. Veamos.

Del expediente ante nuestra consideración se desprende que, el 25 de junio de 2025, el señor Fagundo Álvarez presentó una "**Demanda**" en contra de los Peticionarios por incumplimiento de contrato, cobro de dinero y daños y perjuicios. Luego de varios trámites iniciales en que los que el TPI denegó dos solicitudes de anotación de rebeldía, el 25 de marzo de 2025 el Recurrido notificó a los Peticionarios un *Pliego de Interrogatorios y Requerimiento de Producción de Documentos* que estos no contestaron. El 13 de mayo de 2025, el señor Fagundo Álvarez presentó una "**Moción en Solicitud de Remedio**" en la que solicitó la emisión de orden para que los Peticionarios cursaran sus contestaciones a los referidos mecanismos de

descubrimiento de prueba y, al día siguiente, el TPI concedió a los Peticionarios diez (10) días para exponer su posición.

El 6 de junio de 2025, ante el incumplimiento, el Recurrido presentó una "**Moción Informativa y en Solicitud de Remedio**" expresando que habían transcurrido casi treinta (30) días desde que el Tribunal concedió el referido término. El 9 de junio de 2025, el foro de instancia les otorgó un nuevo término de diez (10) días, esta vez bajo apercibimiento de imposición de sanciones y de hallar a los Peticionarios incursos en desacato. El 30 de junio de 2025, el señor Fagundo Álvarez presentó una tercera "**Moción Informativa y en Solicitud de Remedio**" señalando que los Peticionarios continuaban en incumplimiento. El 14 de julio de 2025, los Peticionarios solicitaron treinta (30) días adicionales para cumplir, pero el 15 de julio de 2025 el Tribunal sólo les concedió dos (2) días finales bajo apercibimiento de anotación de rebeldía. El 31 de julio de 2025, el Recurrido pidió nuevamente la anotación de rebeldía y, finalmente, el 1 de agosto de 2025 el foro *a quo* la decretó.

Conforme adelantáramos en los acápites anteriores, la Regla 45.1 de Procedimiento Civil, *supra*, autoriza la anotación de rebeldía cuando una parte no presenta alegaciones, no se defiende o incumple con una orden del tribunal. Ocasio v. Kelly Servs., *supra*, pág. 670. No obstante lo anterior, esta sanción debe imponerse siempre dentro de lo que es justo, puesto que de lo contrario equivaldría a un abuso de discreción. Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 590 (2011). Lo anterior implica que, al igual que en los casos de desestimación o eliminación de alegaciones, cuando se anota la rebeldía resulta necesario que la parte sea notificada directamente para salvaguardar su derecho a defenderse en los méritos y poder corregir cualquier incumplimiento con las órdenes del tribunal por parte de su representación legal.

Tras un análisis detallado y comprensivo del expediente ante nuestra consideración y de los autos electrónicos del TPI, incluyendo la "**Demanda**", las *Mociones Solicitando la Anotación de Rebeldía*, sus correspondientes *Oposiciones y* la *Resolución* aquí recurrida, hemos arribado a la conclusión

de que el TPI erró al anotarle la rebeldía a los Peticionarios, sin más. Nos explicamos.

Del legajo apelativo se desprende que el foro de instancia concedió a los Peticionarios varios términos para notificar sus contestaciones al *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* cursado por el Recurrido. El 14 de mayo de 2025, les otorgó un término de diez (10) días para fijar su posición; el 9 de junio de 2015, les concedió un segundo término de diez (10) días bajo apercibimiento de imposición de sanciones; y el 15 de julio de 2025, les impuso un término final de dos (2) días, so pena de la anotación de rebeldía. No obstante lo anterior, aunque dichas prórrogas y advertencias fueron emitidas, **ninguna de ellas fue notificada directamente a los Peticionarios, sino únicamente a su representación legal**. Tampoco surge del expediente que antes de que el TPI le anotara la rebeldía se le hubiera impuesto al representante legal de los Peticionarios sanciones económicas por su incumplimiento. En otras palabras, la anotación de rebeldía constituyó la primera medida sancionadora decretada en el caso, ante el incumplimiento desplegado por el Lcdo. Virgilio Machado Avilés.

A la luz de la doctrina establecida en el caso normativo <u>HRS Erase v. CMT</u>, *supra,* el requisito de notificación directa a la parte constituye una salvaguarda esencial antes de imponer sanciones severas que, en la práctica, restringen la capacidad de una parte de defenderse en los méritos. En ese mismo sentido, este estándar debe aplicarse a la anotación de rebeldía, ya que sus consecuencias procesales resultan comparables en severidad a la desestimación de la causa de acción o la eliminación de alegaciones. Al no haberse notificado directamente a los Peticionarios sobre la imposición de dicha sanción, y sin haberse recurrido previamente a medidas menos onerosas, como por ejemplo, la imposición de una sanción económica, entendemos que la anotación de rebeldía resultaba improcedente. Ello por cuanto dicha sanción procesal constituye una medida de carácter drástico que debe reservarse como último recurso, tras haberse agotado remedios menos onerosos y garantizado a la parte

afectada por dicha sanción una notificación clara de las consecuencias del incumplimiento de su representación legal.

En vista de lo anterior, somos de la opinión de que el TPI precipitó la anotación de rebeldía sin cumplir con el requisito indispensable de notificar a los Peticionarios **directamente** sobre las repercusiones procesales de su incumplimiento. Resolver en sentido contrario, supondría dar por admitidas las alegaciones interpuestas en contra de los Peticionarios sin que éstos hayan tenido la oportunidad real de corregir el incumplimiento desplegado por su representante legal.

A pesar de lo anterior, no nos podemos hacer de la vista larga ante los reiterados incumplimientos por parte del licenciado Machado Avilés con las órdenes del TPI y con su deber de cumplir con las Reglas de Procedimiento Civil relacionadas con el descubrimiento de prueba. En vista de lo anterior, y a la luz de las disposiciones de la Regla 85 del Reglamento del Tribunal de Apelaciones, se le impone al licenciado Machado Avilés una sanción ascendente a **$300.00** "por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia". *Véase*, Regla 85 del Reglamento del Tribunal de Apelaciones, según enmendada, <u>*In re* Aprob. Enmdas. Reglamento TA</u>, 2025 TSPR 42, pág. 114, 215 DPR __ (2025).

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, expedimos el auto de *certiorari* ante nuestra consideración y *revocamos* la *Resolución* recurrida.

A pesar de lo anterior, y ante el incumplimiento reiterado por parte del Lcdo. Virgilio Machado Avilés con las órdenes del TPI, le imponemos a este último una sanción ascendente a $300.00 a favor de la parte recurrida, por haber demostrado conducta constitutiva de falta de diligencia en perjuicio de la eficiente administración de la justicia. *Véanse*, Reglas 85 (C) y (D) del Reglamento del Tribunal de Apelaciones, según enmendada, <u>*In re* Aprob. Enmdas. Reglamento TA</u>, 2025 TSPR 42, pág. 114, 215 DPR __ (2025).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones